IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CV-14-FL

| | | |
|---|---|---|
| GLORIA REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes now before the court on the parties' cross-motions for judgment on the pleadings. (DE ## 17, 20.) On October 1, 2008, United States Magistrate Judge Robert B. Jones, Jr. issued memorandum and recommendation ("M&R") wherein it was recommended that this court deny plaintiff's motion and grant defendant's motion. Plaintiff filed objections to which defendant did not respond. In this posture, the issues raised are ripe for decision.

**STATEMENT OF THE CASE**

Plaintiff filed application for Supplemental Security Income payments on July 25, 2003, and Disability Insurance Benefits on February 4, 2004 , alleging disability beginning June 2, 2003 (the alleged onset date was later amended to May 15, 2003). Plaintiff's claims were denied initially and upon reconsideration. On December 15, 2005, plaintiff appeared and testified before an Administrative Law Judge ("ALJ") via video teleconference. Plaintiff was represented by counsel and a vocational expert was present and testified as well. On April 12, 2006, the ALJ issued decision denying plaintiff's claims, and the Appeals Council denied plaintiff's request for review

on December 7, 2007, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

On February 8, 2008, plaintiff filed complaint in this court seeking review of that decision. In her motion for judgment on the pleadings, plaintiff contends that the ALJ's decision should be reversed on the grounds that the ALJ erred by (1) failing to adequately explain his conclusions regarding the severity of plaintiff's impairments; (2) granting insufficient weight to the opinion of plaintiff's treating physician; (3) assessing plaintiff's residual functional capacity in a manner inconsistent with the record; and (4) improperly assessing plaintiff's credibility.

In M&R entered October 1, 2008, the magistrate judge rejected plaintiff's arguments and recommended that this court grant defendant's motion for judgment on the pleadings. After careful consideration, for the reasons set forth below, the court adopts the M&R and defendant's motion is granted.

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. §

405(g). It must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

### B. Plaintiff's M&R Objections

Plaintiff contends that the M&R erred in finding the ALJ properly evaluated the opinion of George West, M.D., plaintiff's treating physician, arguing that the only medical conclusions that contradict the opinion of Dr. West were made by the ALJ himself and are not in keeping with plaintiff's condition. The opinion of a treating physician is generally entitled to great weight. Nevertheless, the Fourth Circuit has held that "if a physician's opinion is not supported by clinical

3

Case 4:08-cv-00014-FL   Document 24   Filed 03/24/09   Page 3 of 6

evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Furthermore, the court notes that the ultimate opinion as to whether a claimant is disabled is reserved to the Commissioner. 20 C.F.R. § 404.1527(c).

At issue here is a letter and accompanying form completed by Dr. West where he opines that plaintiff's capacity for work is "none," due to recurrent bronchitis, bronchospasm, asthma, and cervical fusion. (R. 435-36.) The magistrate judge concluded that the ALJ properly justified his decision to discount Dr. West's opinion by noting that plaintiff sustained no limitations or restrictions due to the cervical fusion and the evidence did not support a finding that the cervical fusion resulted in severe impairment, and also that plaintiff's asthma was controlled with medication. Plaintiff contends, however, that these were simply medical conclusions made by the ALJ and not based on the entire record of the case.

Plaintiff's objection is without merit. The ALJ based his determination regarding the effects of plaintiff's cervical fusion from the results of an April 14, 2004 MRI and a November 3, 2005 x-ray, both taken after the cervical fusion procedure. (R. 24, 257, 443.) The ALJ also noted that plaintiff did not indicate that she had pain in the neck that would limit use of hands, arms, and shoulders, and that there were no objective findings that her cervical spine causes even minimal functional alterations for plaintiff. (R. 24.) The ALJ's statement that plaintiff's asthma is controlled by medication finds extensive support in the record. (R. 237, 245, 248, 250.) Furthermore, despite plaintiff's assertion that the ALJ's conclusions are not "based in the entire record of the case," the only specific clinical evidence plaintiff points to in the record in support of Dr. West's conclusion is a "Range of Motion" form indicating plaintiff has a slightly below normal range of motion in her

4

cervical spine. (R. 169.) This evidence is paltry support for Dr. West's conclusion that plaintiff's cervical fusion (along with the other enumerated medical problems) renders plaintiff incapable of performing work, and certainly does not render in the evidence that supports the ALJ's determination that plaintiff has the capacity to work less than substantial. Upon independent review of the record, the court concludes the ALJ did not err by granting less than controlling weight to the opinion of Dr. West, as the ALJ sufficiently explained his decision to weigh the medical opinions as he did, and that decision is supported by substantial evidence.

Plaintiff also objects to the finding in the M&R that the ALJ properly evaluated the credibility of plaintiff's statements. The magistrate judge thoroughly recounts the procedures an ALJ must follow in making a determination as to a claimant's credibility, as provided for by the regulations and case law. (See M&R p. 14-16.) As plaintiff does not object to this statement of the law, the court incorporates it here without more.

Plaintiff does contend, however, that the magistrate judge and ALJ both erred in failing to consider the objective evidence which might lend credibility to plaintiff's claims of ongoing pain remaining after her cervical fusion procedure, pointing to objective medical evidence of degeneration above and below the area of the spine where the cervical fusion was performed. (R. 316, 360.) However, an ALJ is not required to discuss every piece of evidence in making a credibility determination, provided the opinion contains sufficient reasons for all material findings of fact and conclusions of law that the reviewing court can discern what the ALJ did and why he did it. Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 762 n.10 (4th Cir. 1999); see also Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (stating there "is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"). Here, the ALJ's acknowledgment that

5

the "multiple x-rays, MRI scans, CT [s]cans, and whole body bone scan have failed to reveal more than very mild abnormal findings" provides sufficient account of his review of the objective medical evidence regarding plaintiff's spine impairments post-fusion. (R. 27.)[1]

Further, the ALJ's decision indicates he thoroughly examined the objective and subjective evidence in the record, provides specific reasons for his credibility finding, and clearly sets out the weight accorded to claimant's statements. The ALJ determined that while claimant's objective medical impairments could reasonably be expected to produce the symptoms alleged, the claimant's statements concerning the intensity, duration, and limiting effects of these symptoms were not entirely credible. Upon *de novo* review, the court finds the ALJ's determination as to plaintiff's credibility was supported by substantial evidence and was reached through application of the correct legal standard.

## CONCLUSION

After thorough review of the record in this case, this court finds that the ALJ's findings are supported by substantial evidence. For the foregoing reasons, plaintiff's objections to the M&R are OVERRULED. The court hereby ADOPTS such recommendation as its own, and, for the reasons already discussed, defendant's motion (DE # 20) is GRANTED, and plaintiff's motion (DE # 17) is DENIED. The clerk of court is directed to close the case.

SO ORDERED, this the 24th day of March, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] In her memorandum in support of judgment on the pleadings, plaintiff also argues the ALJ improperly ignored the letter of Dr. West in making the credibility determination. As the court already discussed, the ALJ adequately addressed Dr. West's opinion.